## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**STEPHANIE JO PETTIT**                                             **PLAINTIFF**

                                                                     **NO. 3:19CV202-JMV**

**NANCY BERRYHIL**
*COMMISSIONER OF SOCIAL SECURITY*                    **DEFENDANT**

### FINAL JUDGMENT

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held August 21, 2020, the Court finds the Commissioner's decision that the claimant is not disabled is not supported by substantial evidence in the record. Specifically, the residual functional capacity ("RFC") determination is not supported by substantial evidence in the record because the ALJ ignored scores of medical records documenting episodes of extreme and chronic hyperglycemia and rejected the treating physician's opinions in the absence of a contrary examining medical opinion about the claimant's ability to perform certain physical

work activities. Furthermore, Dr. Pamela Buck, the consultative mental examiner, opined the claimant "seem[ed] unable to respond appropriately to coworkers and supervisors in a *work environment* (emphasis added)." The ALJ impermissibly rejected this opinion in favor of his own lay opinion that the claimant could interact with coworkers and supervisors on an occasional basis because the claimant was "cooperative, pleasant, attentive and responsive" during her consultative examination.[1] The vocational expert opined there would be no jobs in the national economy for an individual with the limitations assigned either by Dr. Buck or by the treating physician. Consequently, because neither Dr. Buck's opinion nor the treating physician's opinion was rebutted by competent medical opinion evidence, the Court finds the record establishes the claimant was disabled.

---

[1] Indeed, the ALJ also played doctor when he reduced the physical RFC assigned by state agency medical consultants. The ALJ was not qualified to render an RFC determination without the assistance of a medical professional where he had rejected the opinions of the claimant's treater. It is well established in this District and the Fifth Circuit that an ALJ may not "play doctor" and substitute his own opinion in place of a medical professional's. *Cf. Melvin v. Astrue*, No. 1:08CV264-SAA, 2010 WL 908495, at *4 (N.D. Miss. March 9, 2010) ("Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.") (citations omitted); *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003) (noting an ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help" and citing with approval the Seventh Circuit's warning to "ALJ's against 'playing doctor' and making their own independent medical assessments") (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). *See also Ripley v. Charter*, 67 F.3d 552, 558 n.27 (5th Cir. 1995) (finding substantial evidence did not support the ALJ's RFC determination because the court could not determine the effect the claimant's conditions, "no matter how 'small'," had on his ability to work, absent a report from a qualified medical expert); *Williams v. Astrue*, 355 F. App'x 828, 831 (5th Cir. 2009) (reversing and remanding because the ALJ improperly interposed his own opinion when there was "no evidence supporting the ALJ's finding that [Plaintiff] can stand or walk for six hours in an eight-hour workday"); *Thornhill v. Colvin,* No. 3:14cv335-M*,* 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley* and noting the problem with the ALJ's RFC determination was "the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations").

In view of the errors noted above, a record that contains "uncontroverted evidence" of disability,[2] and the age of this case,[3] justice requires that the claimant be adjudicated disabled as of her alleged onset date and awarded benefits.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED, and a judgment of disability is RENDERED. This case is REMANDED to the Commissioner for CALCULATION and AWARD OF BENEFITS.**

This, the 1st day of September, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[2] *See Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990) (uncontroverted medical evidence of record showed the claimant was disabled).

[3] *Cf. Davis v. Astrue,* No. 1:11cv-00267-SA-JMV, 2012 WL 6757440, at *5 (N.D. Miss. Nov. 6, 2012), *R&R adopted*, (reversing and awarding benefits where treating physician's opinion had not been properly credited, uncontroverted vocational expert testimony in the record established that claimant would be disabled had the treating opinion been accepted, and the case was significantly aged) (citations omitted).