IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**STEPHANIE JO PETTIT**                                                                   **PLAINTIFF**

                                                                                                    **NO. 3:19CV202-JMV**

**NANCY BERRYHIL**
*COMMISSIONER OF SOCIAL SECURITY*                                    **DEFENDANT**

## ORDER

This social security matter is before the court on Plaintiff's Counsel's motion for an award of $6,000.00 for services performed at the administrative level and $7,593.10 for services performed before the court and representing the balance of fees remaining for work in federal court after credit for EAJA fees already awarded. For the reasons discussed below, the motion is granted in part and denied in part.

### Background

Petitioner represented Plaintiff in a civil action before this court for judicial review of the Commissioner's unfavorable decision. The court reversed and rendered in this matter. After reversal by this court, a Notice of Award was subsequently issued by the Social Security Administration on December 8, 2020, detailing the amount that the Plaintiff would receive in past-due benefits ($65,806.60). Page 3 of said Notice of Award provided the following instruction:

> Your representative may ask the court to approve a fee no larger than 25 percent of past due benefits . . . If your lawyer wishes to receive a fee for the services he/she provided you before the Social Security Administration, he/she must file a petition with the Attorney Fee Officer at the Office of Disability Adjudication and Review . . .

Plaintiff's counsel seeks by the instant motion an award from this court of 25% of Plaintiff's back-benefits as fees for work performed before both the agency and

this court. Counsel cites in support thereof both the Social Security Act and a contract of employment with Plaintiff that states:

> I hereby employ the … Firm to represent me in a federal court review of my SSI/Social Security Disability Case. I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.
> …
> My attorney has explained to me that it is the law that the attorney fee must be approved by the federal court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration. I understand that the total fee could amount to many thousands of dollars or many hundreds of dollars per hour on an hourly basis; I understand that my attorney is accepting my case because of the possibility of obtaining substantial fees. I agree to cooperate in any way that I can so that my attorney's full fee is authorized. l understand that my attorney may seek the maximum fee this contract allows under the law. My attorney does not promise to minimize either the attorney fee he or she receives or that I pay under this contract.
> …
> … [M]y attorney has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court. If the court awards an attorney fee out of my past-due benefits and also awards an EAJA fee for that same work, I will be refunded or credited the smaller fee.

The total amount that counsel is requesting in the instant case is $21,234.00, of which $6,000.00 is the fee for work performed at the administrative level and $7,593.10 is what counsel is requesting this court approve for the balance of fees for services performed in federal court pursuant to 406(b)(1) after credit for $7,640.90, which represents EAJA fees already awarded. The cumulative net amount sought herein by counsel, after deduction of the EAJA fees, is $13,594.10

## Law and Analysis

### A. Fees for Services Performed at the Administrative Level

When an attorney represents a prevailing claimant, the attorney may be awarded attorney fees from the claimant's past-due benefits. 42 U.S.C. § 406. "[Section 406] deals with the

administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Under § 406(a), "the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]." *Brown v. Sullivan,* 917 F.2d 189, 191 (5th Cir. 1990*)*, abrogated on other grounds by *Gisbrecht*. Because this court lacks authority to award fees for work performed at the administrative level, this court will deny counsel's request for the award of $6,000.00. *See Gisbrecht*, 535 U.S. at 793-795.

### B. Fees for Services Performed Before the Court

After deducting the $6,000.00 in fees that counsel must petition the Agency for payment of the balance of the collective 25% referenced above, $15,234.00 remains. However, because this court has previously approved the payment of $7,640.90 in EAJA fees, that leaves only $7,593.10. remaining for the court to award as fees.

Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to ensure they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht*, 535 U.S. at 808-09.[1]

The court evaluates several factors in determining whether the requested fee is reasonable. *See Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The court first considers that counsel has presented a contingency fee agreement. Second, the court notes that counsel successfully argued Plaintiff's case before this court. Third, the Fifth Circuit

---

[1] Counsel's request for a total of $7,593.10 taken in conjunction with the $ 7,640.90 EAJA award would result in an effective rate of $402.69 per hour for the 37.83 hours of reasonable work expended by counsel before this court. The Commissioner has declined to assert a position on the reasonableness of the request, as he is not the true party in interest. *See Gisbrecht*, 535 U.S. at 798 n.6.

and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id*. at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n.9 (5th Cir. 2010)). Fourth, Plaintiff's counsel is an experienced Social Security attorney, and there is no indication of undue delay in the record on counsel's part. Finally, the § 406(b) fee requested, in conjunction with total EAJA fee which has been credited to Plaintiff in calculating the fee requested herein, is within the statutory limit imposed by § 406(b)(1)(A). Combined with the $6,000.00 administrative fee Plaintiff's counsel asserts, the entire withheld amount of $21,234 is equivalent to 25% of past-due benefits—the amount expressly bargained for in the employment contract agreement signed by Plaintiff.

  For the foregoing reasons, Plaintiff's motion pursuant to § 406(b) in the amount of $7,593.10 is granted. To the extent counsel seeks an award of $6,000.00 for work performed before the Agency, that request is denied. Because the foregoing calculation includes a credit in favor of Plaintiff in the amount of the EAJA fees already awarded, the court will not require that counsel for Plaintiff reimburse Plaintiff any amount. *See Harvey v. Berryhill,* Cause No. 4:18-cv-161-RP (N.D. Miss. Dec. 9, 2019).

  SO ORDERED this 12th day of February, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge